**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Chelsea Griffin, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-6378 |
| | § | |
| Equifax Information Services, | § | |
| LLC, | § | |
| *Defendant.* | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS FOR FAILURE TO PROSECUTE**

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 5. The court recommends this case be **DISMISSED with PREJUDICE** for failure to prosecute.

### 1. Background

Plaintiff Chelsea Griffin filed this lawsuit against Defendant Equifax Information Services, LLC (Equifax) in December 2025. ECF No. 1. Plaintiff was conditionally granted *in forma pauperis* (IFP) status on February 3, 2026. ECF No. 7. The Order conditionally granting IFP status explains that Plaintiff must submit a completed summons and Form USM-285 to the court. *Id.* Plaintiff, however, has not submitted the required summons and Form USM-285 to the Clerk's Office.

A scheduling conference in this case was set for April 30, 2026. ECF No. 6. On January 28, 2026, the court mailed a Notice of Hearing to the physical address that Plaintiff provided when she filed this lawsuit. Notice Reports, Ct. Ex. 1, at 1–2. Plaintiff did not appear at the scheduling conference. *See* Docket Entry dated 04/30/2026 (noting that the scheduling conference was held and Plaintiff failed to appear).

The court then issued an Order to Show Cause, which ordered Plaintiff to appear in-person at a hearing on June 4, 2026, at 11:30 a.m., and show cause as to why her case should not be dismissed for failure to prosecute. ECF No. 8. The order included a warning that "***Failure to appear will result in a recommendation that this case be dismissed with prejudice for failure to prosecute.***" *Id.* (emphasis in original). The Order was docketed on the court's CM/ECF system, and a copy of the Order was mailed to Plaintiff to her last-known address. ECF No. 8; Notice Reports at 2.

On June 4, 2026, at 11:30 a.m., the court held the Show Cause hearing as scheduled. Plaintiff failed to appear.

### 2. *Legal Standard and Analysis*

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may be reviewed only for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). The Fifth Circuit generally also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the

plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802.

### 3. Analysis

#### A. Clear Record of Delay

Plaintiff is appearing pro se, so she is responsible for all efforts to prosecute this case. Plaintiff has failed to appear at two separate court settings. A copy of the notice report from the clerk's office shows that the order setting the scheduling conference and the Order to Show Cause were sent to the Plaintiff's mailing address. Notice Reports at 1–2. Plaintiff has not contacted the court to provide an updated address. Other than initiating this lawsuit, Plaintiff has taken no actions to further her case. These facts show a clear record of delay.

#### B. Futility of Lesser Sanctions

The court set a show cause hearing and warned Plaintiff that her failure to appear would result in a recommendation that her case be dismissed for failure to prosecute. ECF No. 8. The Order to Show Cause was docketed on the court's electronic filing system, and a copy of the Order was mailed to Plaintiff's mailing address. Notice Reports at 1–2. There appears to be nothing the court can do to get the Plaintiff's attention on this case. There are no other steps the court can take that will prompt Plaintiff to participate. Lesser sanctions would be futile.

#### C. Aggravating Factors

Plaintiff has failed to appear for two court-ordered hearings and has made no attempt to communicate with the court. Plaintiff has not submitted the completed summons and Form USM-285 to the court, so Equifax remains unserved. Plaintiff does not have a lawyer. Delay is attributable only to Plaintiff, and it can only be characterized as intentional.

### *4.   Conclusion*

The court recommends that this case be **DISMISSED with PREJUDICE** for failure to prosecute.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 8, 2026.

_____
Peter Bray
United States Magistrate Judge

4